```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

DOROTHY J. GRAY,

        Plaintiff,

    -v-                                              06-CV-6615T
                                                          **ORDER**
JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.
_____

## INTRODUCTION

Plaintiff Dorothy J. Gray ("Gray"), brings this action pursuant to the Social Security Act, (codified in relevant parts at 42 U.S.C. § 401 et. seq. and 42 U.S.C. § 1381 et. seq.) claiming that the Commissioner of Social Security improperly denied her application for disability insurance and supplemental income security benefits.[1]  Specifically, Gray alleges that the decision of an Administrative Law Judge ("ALJ") was erroneous and not supported by the substantial evidence contained in the record, or was contrary to law. Gray requests that the Court modify the decision to deny monthly benefits to her, or, in the alternative, to remand the action to the defendant for reconsideration of the evidence.

---

[1] This case (formerly civil case 02-CV-0753) was transferred to the undersigned by the Honorable Richard J. Arcara, Chief Judge, United States District Court for the Western District of New York by Order dated December 4, 2006.

The Commissioner moves for judgment on the pleadings on grounds that the ALJ's decision was correct, was supported by substantial evidence, and was made in accordance with applicable law. Plaintiff opposes defendant's motion, and cross-moves for judgment on the pleadings. For the reasons stated herein, the case is remanded to the Commissioner for further proceedings.

BACKGROUND

On June 18, 1999, plaintiff Dorothy Gray, then aged 50 years old, applied for Social Security disability benefits and supplemental income security benefits claiming that she became disabled on July 31, 1998 due to a seizure disorder, right-eye blindness, hypertension, asthma and headaches. Gray's application was initially denied, and thereafter, Gray requested an administrative hearing before an Administrative Law Judge (ALJ) which took place on October 18, 2000. Plaintiff was assisted at the hearing by Kathleen Traina, a paralegal.

In a January 25, 2001[2] decision, Administrative Law Judge Timothy M. McGuan found that although Gray suffered from a seizure disorder, right eye blindness, hypertension and asthma impairments that are considered "severe" based on the requirements in the Regulations 20 CFR §§ 404.1520(B) and 416.920(b), she was not

---

[2]The decision is dated "January 25, 2000" but the hearing was held on October 18, 2000. Clearly, the date appearing on the decision contains a typographical error, and the actual date was January 25, 2001.

disabled within the meaning of the Act and thus not entitled to a period of disability, Disability Insurance Benefits, and not eligible for Supplemental Security Income payments. Gray's appeal of the ALJ's decision to the Social Security Appeals Board was denied on September 20, 2002, and on October 24, 2002, plaintiff filed this action.

DISCUSSION

I.  Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record.  Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v NLRB, 305 U.S. 197, 229 (1938).  Section 405(g) thus limits the court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that the reviewing court does not try a benefits case de novo). The court is also authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim.

The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F.Supp 265, 267 (S.D. Tex. 1983) (citation omitted). Defendant asserts that his decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Under Rule 12(c), judgment on the pleadings may be granted where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the court is convinced that "the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief," judgment on the pleadings may be appropriate. See, Conley v. Gibson, 355 U.S. 41, 45-46 (1957). For the reasons discussed below, the Commissioner's motion for judgment on the pleadings is denied, and plaintiff's cross-motion for judgment on the pleadings is granted to the extent that the case is remanded for further evidence and consideration.

    II.   The Medical Evidence is Insufficient to Support the ALJ's Conclusion

The ALJ found that the medical evidence indicated Gray has seizure disorder, right eye blindness, hypertension and asthma impairments. He noted that Gray also complained of headaches, but found that there was no objective medical evidence to show that the

4

headaches limited her ability to perform work. The ALJ found that the seizures had not occurred more frequently than once a month, and discussed the impact of changing Gray's medication to Depakote. With respect to Gray's vision, the ALJ found that her vision in her left eye is "greater than 20/200 [sic] even without correction" and discussed the report of Dr. Theodoe Prawak, an ophthalmologist who examined Gray at the request of the Administration.[3] Ultimately, the ALJ concluded that Gray could sit for up to eight hours, stand and/or walk for up to six hours, lift and carry 25 pounds frequently and up to 50 pounds occasionally; must avoid machinery; must avoid unprotected heights and climbing ropes, ladders, scaffolding; must avoid concentrated exposure to dust, fumes, extreme temperatures; and must avoid prolonged reading. Further, he concluded that she is precluded from performing her past relevant work as she performed it. Nonetheless, he concluded that she is not prevented from performing her past relevant work as it is generally performed in the national economy. Therefore, the ALJ concluded that Gray is not under a disability.

Plaintiff objects to the ALJ's findings on grounds that (1) the ALJ failed to properly develop the record because Gray's treatment records from August 1999 through July 2000 are not in the record, including an MRI report; (2) the ALJ's finding that Gray's

---

[3] Gray's primary treating physician is Dr. Aleksandra Prawak-Pasieka, which raises the question whether this physician is related to the examining ophthalmologist, Dr. Prawak.

testimony regarding her headaches was not supported by objective medical findings is not supported by substantial evidence; (3) the ALJ did not properly assess Gray's subjective complaints of pain and limitations; and (4) the opinions of the state agency review physicians and the ALJ were based, in part, on the opinion of physician who lost his license to practice medicine.

> III. I find that the ALJ erred by not properly developing the medical record with respect to Gray's conditions.

The ALJ has a "duty to develop the factual record, regardless of whether the claimant is represented by legal counsel. Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000) (citing Schaal v. Apfel, 134 F.3d 496, 505 (2d Cir.1998) ("[E]ven if the clinical findings were inadequate, it was the ALJ's duty to seek additional information from [the treating physician] *sua sponte*."); Pratts v. Chater, 94 F.3d 34, 37 (2d Cir. 1996) ("[T]he rule in our circuit [is] that 'the ALJ, unlike a judge in a trial, must himself affirmatively develop the record' in light of 'the essentially non-adversarial nature of a benefits proceeding....' [E]ven when, as here, claimant is represented by counsel.") (internal quotations omitted)). Here, a remand is necessary to further develop the record with respect to the limitations in Gray's vision in her remaining eye, and the combined affect of her limited vision, hypertension and headaches upon her ability to be gainfully employed.

Of particular concern is the fact that the ALJ accepted the opinion of the consultive ophthalmologist, Dr. Prawak, who examined Gray at the request of the Administration. The ALJ accepted Dr. Prawak's opinion that ". . . the claimant's uncorrected visual acuity to be 20/30 in her left eye, correctable to 20/20 and that the claimant had no visual acuity in her right eye." (T-21). Yet, Dr. Prawak's visual efficiency worksheet attached to his report revealed that Gray's vision at the top and bottom of her left eye is at 10% and 20% respectively, and that in five out of the eight points in the test, her vision in her left eye is 50% or less. (T-181-182). In his summary, Dr. Prawak concludes that Gary's "visual prognosis is stable for the near and distant future" and that "contraindication is present as far as the visual acuity and eyes are concerned." This statement and conclusion in light of the reported findings is unintelligible and requires a reexamination by another ophthalmologist.

In remanding this case, the Court directs that Gray be examined by an ophthalmologist other than Dr. Prawak and that the ALJ consider the results of that examination in addition to any other relevant medical proof that may be submitted by Gray or by the Commissioner. If her vision in her left eye is found to be compromised, then the ALJ may consider that diminished capacity in combination with all the other factors to determine whether or not she is capable of gainful employment in accordance with the

regulations. However, I find the state of this record to be confusing and inconsistent, particularly with reference to plaintiff's eyesight. On remand, Gray shall have the benefit of having an additional examination and the ability to provide additional proof concerning her medical condition.

CONCLUSION

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings is denied and the plaintiff's motion for remand is granted. The case, therefore, is remanded to the Commissioner for further administrative proceeding consistent with this decision.

ALL OF THE ABOVE IS SO ORDERED.

```
                              _____S/Michael A. Telesca_____
                                      MICHAEL A. TELESCA
                                   United States District Judge
```

Dated:    January 19, 2007
          Rochester, New York